UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIBREEL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>HOCK SENG CHIN,<br><br>　　　　Defendant. | Case No.  14-cv-02774-JST<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF SHOULD NOT BE DECLARED A VEXATIOUS LITIGANT AND REQUIRED TO OBTAIN LEAVE OF COURT BEFORE FILING ANY NEW ACTION**<br><br>Re: ECF No. 1 |

## I.   BACKGROUND

On June 16, 2014, Plaintiff Adam Jibreel filed a complaint with this Court against Hock Seng Chin, the Consul-General of the Republic of Singapore for San Francisco. ECF No. 1. The complaint restates and repeats a prior complaint in Case No. 13-cv-03470-JST ("2013 Complaint"). See ECF No. 1-1 (asserting that Defendants here are the same as those "mentioned in Dismissed Case 13-cv-03470-JST"). The 2013 Complaint alleges that federal government officials, local law enforcement, the Singapore I.S.D. Secret Police, and contractors waged a campaign to surveil and harm Jibreel. 2013 Complaint at 12-15. It names as defendants members of the executive and legislative branches of the United States and state governments, and members of the government of Singapore. Id.

The Court dismissed the 2013 Complaint with prejudice on June 13, 2014 for failure to state a claim. Case No. 13-cv-03470-JST, ECF No. 53. By filing his current complaint, Plaintiff appears effectively to be appealing the Court's dismissal of the 2013 Complaint with prejudice, and attempting to circumvent that dismissal in violation of Civil Local Rule 3-3(c). See id. Ordinarily, based on the foregoing facts, this Court would simply issue an order to show cause why the present action should be not be dismissed with prejudice.

It turns out, however, that this is not Jibreel's first attempt to relitigate a meritless complaint regarding the same facts. A search of Jibreel's name and various aliases[1] in the Public Access to Court Electronic Records database reveals that this action constitutes Jibreel's eighth apparent attempt to seek redress for having been the subject of a criminal investigation. One attempt took place in the Western District of Washington, one in the Ninth Circuit Court of Appeals, and the rest in this District. All of Jibreel's complaints have named an array of defendants who either are immune from suit, lack any connection to the underlying facts, or both. All of them have been largely incoherent. And all of them have been found to be without merit.

As discussed more fully below, Jibreel's multiple lawsuits appear duplicative and frivolous. Accordingly, the Court will issue an Order to Show Cause why Jibreel should not be declared a vexatious litigant and required to obtain leave of court before filing any new action.

## II.    DISCUSSION

### A.    Legal Standard

"The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessy, 912 F.2d 1144, 1148 (9th Cir. 1990). To determine whether a litigant is "vexatious," courts consider, among other factors, the number and nature of the litigant's court filings, the litigant's motive in submitting those filings, and whether the litigant's filings have caused other parties needless expense or posed an unnecessary burden on the courts or court staff. Molski, 500 F.3d at 1057-58 (applying the factors from Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986)).

District courts must examine four factors before entering pre-filing orders:

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review."

---

[1] Plaintiff now refers to himself as Adam Jibreel; his aliases are Christopher B. Mussenden, Idris B. Jibreel, and Adam Blake.

> Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order "must be narrowly tailored to closely fit the specific vice encountered."

Molski, 500 F.3d at 1057 (citing De Long, 912 F.2d at 1147-49).

### B. Jibreel's Prior Interactions with the Federal Courts

#### 1. Criminal Indictment

In 2005, Jibreel was indicted for two counts of making false statements in passport applications, in violation of 18 U.S.C. § 1542. United States v. Blake, Case No. 2:05-mj-00036-JLW-1, ECF No. 1 (W.D. Wash. Jan. 28, 2005). On the same day, the case was transferred to the Southern District of New York. Id. at ECF No. 6. Then, on the United States' recommendation, the Judge entered an order of *nolle prosequi*, which terminated the case. United States v. Blake, Case No. 1:05-cr-00114-JFK-1, ECF No. 30 (S.D.N.Y. Mar. 6, 2006). The United States did not prosecute the case, and Jibreel was not convicted.

#### 2. Western District of Washington Litigation

In 2008, Jibreel filed a complaint, naming as defendants: (1) the U.S. Department of State, Washington Office; (2) the U.S. Department of State, Charleston, South Carolina Passport Bureau; (3) the U.S. Department of State Passport Bureau Offices in Washington, D.C.; (4) the U.S. Federal Bureau of Investigation ("FBI"), Seattle, Washington offices; (5) the U.S. Department of Homeland Security, Seattle, Washington offices; (6) the U.S. Coast Guard Investigative Service, Seattle, Washington offices; and (7) Detective Glenn Kerns of the Seattle Police Department Counter-Terrorism Division. Jibreel v. U.S. Dep't of State, Case No. 2:08-cv-00124-MJP, ECF No. 1-2 at 1 (W.D. Wash. Jan. 25, 2008). The complaint alleges violations of 42 U.S.C. § 1983, as well as "violation of civil rights & mistreated in error by the government in violation of the cruel and unusual punishment clause." Id. The complaint recites a string of alleged government conspiracies, including but not limited to the government's actions in filing an indictment against Jibreel. Id. at 1-16. For example, the complaint states:

> The plaintiff accuses these aforementioned agencies of conspiring and acting in concert to suppress chill and 'neutralize' his constitutionally protected activities of engaging in innocuous travel **ONLY,** to pursue economic opportunities and a **more favorable business climate,** with no harm, ill-will or malice toward his native

3

> country or her U.S. Federal Agencies, and otherwise abridge his civil rights. It arose when plaintiff ADAM JIBREEL was deprived by his first ever arrest and sudden incarceration for a 1993 Telephone Bill Theft warrant in the U.S. Department Passport Agency's offices in Seattle, Washington, on September 2nd, 2004, which he had no knowledge of whatsoever and was never told about . . . not even when he was issued his last 10 year U.S. Passport in May of 2002 . . . The aforenamed U.S. Federal agencies then gave the Plaintiff the notion that he would get his passport back . . . when the plaintiff only wanted to know why were there red flags on his name and if there were any at the behest of any foreign agencies or governments in the Arab world so he would be informed to go back to any of those countries who may have put a bad word out on him.

Id. at ¶¶ 1-2.

On August 8, 2011, the court issued an Order to Show Cause why Jibreel's case should not be dismissed without prejudice for failure to prosecute. Jibreel v. U.S. Dep't of State, Case No. 2:08-cv-00124-MJP, ECF No. 11. Jibreel failed to respond to the Order within the allotted time, so the court dismissed the action without prejudice. Id. ECF No. 12.

### 3. Northern District of California Litigation

#### a. Cases 1-3

In 2007, Jibreel filed three related complaints against (1) the U.S. Department of State; (2) the FBI; (3) the U.S. Department of Homeland Security; and (4) the U.S. Coast Guard Division of Intelligence. Jibreel v. U.S. Dep't of State, Case No. 3:07-cv-00543-MJJ, ECF No. 1 (N.D. Cal. Jan. 26, 2007) ("Case 1"); Related Case Nos. 3:07-cv-00546-MJJ ("Case 2") & 3:07-cv-00547-MJJ ("Case 3").[2] In those complaints, Jibreel claims he was "maligned by [his] own government's hard working agents" and incorrectly listed in a "number of databases." ECF No. 1 at ¶¶ 2-3. He fails, however, to plead any specific cause of action, or make factual allegations against any specific defendants. Id. at ¶¶ 1-4.

Jibreel's prayer for relief includes the return of his 2004 passport and monetary damages for "a three month incarceration by unspecified government agents; intrusion into . . . personal or sexual propensities or nuances; estrangement from his son who resides in Canada; and loss of job opportunities and benefits due to records in federal or municipal databases." ECF No. 34 at 2

---

[2] All ECF citations in this section reference Case 1.

(citation and internal quotations omitted).

Defendants moved to dismiss for lack of subject matter jurisdiction. ECF No. 16. The court granted Defendants' motion with leave to amend because Jibreel failed to plead any facts that would waive the United States' sovereign immunity under the Federal Tort Claims Act. ECF No. 34 at 3-4. When Jibreel failed to amend any of his complaints, the court dismissed all three actions with prejudice. ECF No. 40 at 4.

Jibreel then appealed the district court's dismissal of his complaints. ECF No. 41 at 1. The Ninth Circuit dismissed the appeal for failure to file an opening brief. ECF No. 45 at 1.

### b. Case 4

In 2012, Jibreel filed a nearly illegible handwritten complaint alleging that Defendants the United Nations, CNN, CBS, ABC, Muslim Legal Fund of America and the Committee for American Islam Relations failed to help him reveal that the United States had allegedly unconstitutionally labelled him a "high terror threat" and a "potential violent extremist." Jibreel v. CNN et al., Case No. 3:12-cv-05221-SI, ECF No. 1 at 1 (N.D. Cal. Oct. 9, 2012) ("Case 4").[3] Jibreel also alleged that the U.S. government, its agencies and military colluded with its "Asian partners" to have him unlawfully detained in Singapore because they believed he was associated with terrorism. Id. Jibreel did not, however, name any of these governmental entities as defendants. Id. He sought monetary damages of $93 million. Id.

While the court granted Jibreel's application to proceed in forma pauperis, it dismissed his complaint with prejudice sua sponte because he did not claim any federal causes of action. ECF No. 8 at 2. The court held that Jibreel's complaint would have been dismissed even if he had made federal allegations against the named defendants because they were not state actors. Id. (citing Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).

### c. Case 5

In 2013, Jibreel filed the 2013 Complaint. Jibreel v. Chin, Case No. 3:13-cv-03470-JST, ECF No. 1 (N.D. Cal. July 24, 2013) ("Case 5").[4] That complaint takes the form of a letter to

---
[3] All citations in this section reference Case 4.
[4] All citations in this section reference Case 5.

President Obama. Jibreel names as defendants: (1) President Barack Obama; (2) Secretary of the Department of Homeland Security Jeh Charles Johnson; (3) FBI Director James Comey; (4) Federal Aviation Administrator John S. Pistole; (5) Senator Lindsay Graham (South Carolina); (6) Senator Patty Murray (Washington); (7) U.S. Representative Peter King; (8) Prime Minister of the Republic of Singapore Lee Hsien Loong; and (9) Hock Seng Chin, Singapore's former Consul General in San Francisco. Id.

Jibreel's complaint seems to allege that defendants violated his First, Second, Fourth, and Fifth Amendment rights, though he simultaneously disclaims any Second Amendment violation. Id. at 18-19, 20. He claims as injuries, among other things, his ejection from an airport, surveillance in downtown San Francisco, and unlawful detention as a terrorist threat, as well as the destruction of his family structure, the "pilfering" of his personal property by the Australian CEO of a storage company who is also an "Authority" in the Obama administration, and the fact that he was mocked by Indonesian students. Id. at 12-13, 18-20. On the cover sheet of Jibreel's complaint, under the line "document name," Jibreel states that the action is a "Complaint for disclosure of all facts and motivations causing my being designated as a 'suspect terrorist' and for the restoration of most of my work related credentials, my former relationships, and possible financial redress." Id. at 1. In addition, on the civil cover sheet, he states that his cause of action is "To Appeal for Reversal of Decisions Designating Adam Jibreel a 'Threat' to the Rpblic [sic]" in Cases 1 through 4. ECF No. 1-1.

In response, the United States moved to dismiss. ECF No. 22 at 7. Jibreel explained at the motion hearing that his issues associated with unknown government actors labeling him a terrorist and the possibility of being on a no-fly list were actually the result of a sealed criminal complaint in the Western District of Washington for making a false assertion on a passport application. ECF No. 44 at 8. Jibreel believed that if he had access to the sealed complaint, he could "clear up the mistakes or misunderstandings that may have resulted in his placement on a no-fly list." Id. But Jibreel provided no facts to support his allegations against defendants, and no legal arguments to demonstrate standing or jurisdiction, and thus could not state a plausible claim for relief. Moreover, it was apparent that he filed the 2013 Complaint in an effort to appeal criminal charges

1   the United States had never prosecuted.

2       Adopting the reasoning and conclusion of the magistrate judge originally assigned to the
3   case, this Court held that immunity barred the claims against the Prime Minister of Singapore and
4   dismissed the claims against him with prejudice. ECF No. 49 at 1. This Court also held that
5   Jibreel's remaining claims failed as a matter of law, and that the Court lacked jurisdiction because
6   Jibreel "failed adequately to allege sufficient facts to establish constitutional standing for his
7   remaining claims." Id. When Jibreel did not respond to the Court's Order to Show Cause why his
8   complaint should not be dismissed because of his failure to amend, the Court dismissed Jibreel's
9   action with prejudice. ECF No. 50 at 1; see also ECF No. 53 at 1.

10       **iv.   Case 6**

11       Jibreel's latest filing is the present case ("Case 6"). It merely restates the complaint the
12   Court dismissed for failure to state a claim in Case 5. ECF No. 1. This Court made note of that in
13   its Order Granting Motion to Proceed in Forma Pauperis, ECF No. 7, and held that Jibreel's
14   apparent "judge shopping" violates Civil Local Rule 3-3(c). Id. at 1. Although this Court granted
15   Jibreel's motion to proceed in forma pauperis, it dismissed his complaint sua sponte pursuant to
16   Rule 12(b)(6), with leave to amend. Id. Lastly, this Court warned Jibreel that if he failed to
17   timely amend his complaint, it would be dismissed with prejudice. Id. at 2. The Court gave
18   Jibreel until August 21, 2014 to file an amended complaint, but he failed to do so.

19       **CONCLUSION**

20       As the foregoing record demonstrates, Jibreel has repeatedly filed frivolous lawsuits
21   regarding the same underlying circumstances, the effect of which has been to require numerous
22   district courts to spend judicial resources unnecessarily. "Flagrant abuse of the judicial process
23   cannot be tolerated because it enables one person to preempt the use of judicial time that properly
24   could be used to consider the meritorious claims of other litigants." De Long, supra, 912 F.2d at
25   1148.

26       Accordingly, Plaintiff is hereby ORDERED TO SHOW CAUSE why he should not be
27   declared a vexatious litigant and have a pre-filing order entered against him. Any opposition to
28   this Order must be filed on or before September 19, 2014. Any such response must respond only

to this Order, and should not raise new issues or address the underlying complaint in this action, except as necessary to respond to this Order.

Jibreel is also encouraged to seek the assistance of the free Legal Help Center operated by the Bar Association of San Francisco. The Legal Help Center has locations at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California and at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at 415-782-8982.

Jibreel is further advised that he can find helpful information for *pro se* litigants at http://cand.uscourts.gov/proselitigants, including the Northern District's Representing Yourself in Federal Court: A Handbook for Pro Se Litigants. The handbook is also available free of charge at the Clerk's Office.

**IT IS SO ORDERED.**

Dated: August 22, 2014

_____
JON S. TIGAR
United States District Judge