UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIBREEL,<br><br>        Plaintiff,<br><br>    v.<br><br>HOCK SENG CHIN,<br><br>        Defendant. | Case No. 14-cv-02774-JST<br><br>**ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Re: ECF Nos. 7, 9 |

On June 16, 2014, Plaintiff filed this action. ECF No. 1. Plaintiff did so because the Court had dismissed a former, substantively similar complaint in the related case, Jibreel v. Chin, et al., Case No. 13-cv-3470-JST, for failure to prosecute that action. See id. (entitled "Petition to be heard since Dismissal etc against Hock Seng Chin."). Plaintiff also filed a motion to proceed in forma pauperis, ECF No. 2, which the Court granted, while simultaneously dismissing Plaintiff's complaint for failure to state a claim, ECF No. 7. Plaintiff's complaint in this action merely reiterated the claims he filed in the previous action, which claims the Court dismissed for failure to state a claim. Id. In its order dismissing Plaintiff's complaint, the Court gave Plaintiff twenty-one days to amend his complaint, which he failed to do. Id.

On July 31, 2014, the Court issued an order to show cause why Plaintiff's complaint should not be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. ECF No. 9. Plaintiff failed to respond to that order and failed to amend his complaint. In addition, mail the Court directed to him was recently returned as undeliverable. ECF No. 10.

Thus, Plaintiff appears also to have violated Civil Local Rule 3-11(a).[1]

## II. LEGAL STANDARD

In the Ninth Circuit, "when a plaintiff fails to amend a complaint after the district court judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order . . . ." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999). To determine whether to dismiss a claim for failure to comply with a court order, a court weighs the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation and internal quotations omitted).

## III. ANALYSIS

Four of the five Pagtalunan factors strongly support the dismissal of this action.

The first two factors—the public interest in expeditious resolution of litigation and the Court's need to manage its docket—relate to "the efficient administration of judicial business for the benefit of all litigants with cases pending." Nealey v. Transportacion Maritima Mexicana, S.A., 662 F.2d 1275, 1279 (9th Cir. 1980). By failing to comply with court orders, Plaintiff has

---

[1] Rule 3-11 in its entirety provides as follows:

(a) Duty to Notify. An attorney or a party proceeding pro se whose address changes while an action is pending must promptly file with the Court and serve upon all opposing parties a Notice of Change of Address specifying the new address.

(b) Dismissal Due to Failure. The Court may, without prejudice, dismiss a complaint or strike an answer when:

    (1) Mail directed to the attorney or pro se party by the Court has been returned to the Court as not deliverable; and

    (2) The Court fails to receive within 60 days of this return a written communication from the attorney or pro se party indicating a current address.

2

completely stalled this action, thereby depriving the Court of the ability to control the pace of its docket. And because this case largely duplicates Plaintiff's previous, unprosecuted case, Plaintiff is effectively clogging the Court's docket with unpursued claims, diverting time and attention from other litigants who wish to pursue their actions. These factors weigh strongly in favor of dismissal.

As to the third factor—the risk of prejudice to defendant—"a presumption of prejudice arises from the plaintiffs' failure to prosecute." Hernandez, 138 F.3d at 400. A plaintiff may rebut this presumption only "with an excuse for his delay that is anything but frivolous." Nealey, 662 F.2d at 1281. Plaintiff has provided no excuse for his failure to file an amended complaint, and no excuse for his failure to keep the court and Defendants apprised of his address in violation of Civil Local Rule 3-11. Actual prejudice arises where Defendants are unable to communicate with Plaintiff. Thus, this factor weighs strongly in favor of dismissal.

The fourth factor is the availability of less drastic sanctions. The Court gave Plaintiff multiple opportunities to comply with the Court's orders: in this action, an opportunity to file an amended complaint and an express opportunity to explain his lack of diligence in prosecuting the action. Plaintiff was given the same opportunities in the previous action. The Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). Rather than dismiss the complaint with prejudice after the Plaintiff failed to comply with the Court's first order (by amending his complaint), the Court attempted the lesser sanction of issuing an Order to Show Cause and providing another opportunity to comply. Cf. Yourish, 191 F.3d at 992. Plaintiff was aware that these were steps the Court was likely to take, given that his previous case followed the same trajectory.

These opportunities and warnings are sufficient to establish that the Court has considered sanctions short of dismissal. PPA Prods. Liab. Litig., 460 F.3d at 1229 ("warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement.") (citation omitted); see also Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981) ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case"). The Court also notes

1 that Plaintiff's failure to provide the Court with his current address is not only a violation of the
2 Local Rules, but also a reason why sanctions short of dismissal are not available.  This factor
3 strongly favors dismissal.

4 The fifth factor concerns the public policy favoring disposition of cases on their merits,
5 which normally "strongly counsels against dismissal."  In re Phenyl propanolami ne (PPA) Prods.
6 Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006).  Nonetheless, the Ninth Circuit has recognized
7 that "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . .
8 . cannot move forward toward resolution on the merits."  Id. at 1228.  Consequently, "this factor
9 lends little support to a party whose responsibility it is to move a case toward disposition on the
10 merits but whose conduct impedes progress in that direction."  Id. (citations and internal
11 quotations omitted).  Plaintiff's failure to comply with the Court's orders and the Local Rules has
12 impeded all progress in this case.  Thus, this factor is neutral at best.

13 Because granting further leave to amend would be futile, and because of the undue delay in
14 this case, dismissal is with prejudice.  See Yourish, 191 F.3d at 998 (affirming dismissal with
15 prejudice for failure to timely amend complaint).  Bearing in mind its obligation of sensitivity to
16 *pro se* litigants, the Court has more than adequately "provide[d] the litigant with notice of the
17 deficiencies" in his prosecution of this action, and provided several opportunities for compliance.
18 Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

19 **CONCLUSION**

20 Notwithstanding the public policy favoring the disposition of actions on their merits, the
21 Court's need to manage its docket and the public interest in the expeditious resolution of the
22 litigation require dismissal of this action.  In view of Plaintiff's lack of response to this Court's
23 orders, and the fact that the Court has no means of contacting Plaintiff, the Court finds there is no
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1  appropriate less drastic sanction.  This action is DISMISSED WITH PREJUDICE pursuant to
2  Rule 41(b).  The Clerk shall close the file.
3  **IT IS SO ORDERED.**
4  Dated:  August 25, 2014

_____
JON S. TIGAR
United States District Judge