UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM JIBREEL,<br><br>    Plaintiff,<br><br>v.<br><br>HOCK SENG CHIN, et al.,<br><br>    Defendants. | Case No. 14-cv-02774-JST<br><br>**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT AND SUBJECTING HIS SUBMISSIONS TO PRE-FILING REVIEW**<br><br>Re: ECF No. 11 |

On August 22, 2014, this Court issued an Order to Show Cause Why Plaintiff Adam Jibreel Should Not Be Declared a Vexatious Litigant and Required To Obtain Leave of Court Before Filing any New Action. ECF No. 11. For the following reasons, the Court hereby DECLARES Jibreel a vexatious litigant, and ORDERS that any future complaints by him be screened before docketing.

**I.  BACKGROUND**

The Court issued an Order to Show Cause Why Plaintiff Should Not Be Declared a Vexatious Litigant in response to Jibreel's most recent complaint filed with this Court. ECF No. 11. That complaint merely restates and repeats the complaint the Court dismissed for failure to state a claim in Case No. 13-cv-03470-JST. See ECF No. 1-1 (explaining that Defendants here are the same as those "mentioned in Dismissed Case 13-cv-03470-JST"). Jibreel did not respond to that Order.

After considering Plaintiff's filings with this and other courts, which are discussed more fully below, the Court finds that Jibreel's past lawsuits have been duplicative and frivolous. Such lawsuits needlessly use time the Court could better spend resolving meritorious claims.

**II.  DISCUSSION**

    **A.  Legal Standard**

"Flagrant abuse of the judicial process cannot be tolerated because it enables one person to

preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). For that reason, "[t]he All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the inherent power to enter pre-filing orders against vexatious litigants." Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has established "four factors for district courts to examine before entering pre-filing orders." Id. "First, the litigant must be given notice and a chance to be heard before the order is entered"; second, the court "must compile 'an adequate record for review'"; third, the court "must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation"; and fourth, "the vexatious litigant order 'must be narrowly tailored to closely fit the specific vice encountered.'" Id. (citing De Long, 912 F.2d at 1147-49). In considering the third and fourth factors, the Ninth Circuit applies the test from Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2nd Cir. 1986). See Molski, 500 F.3d at 1058.

### B.    Notice

In its Order to Show Cause, the Court notified Plaintiff that it was considering declaring him a vexatious litigant and subjecting him to a pre-filing order. ECF No. 11. That Order was served on Plaintiff at the address he provided to the Court.[1] See ECF No. 11-1. The Order advised Plaintiff that he had thirty days to respond to the Order to Show Cause in order avoid being declared a vexatious litigant. ECF No. 11. Accordingly, the Court finds that it provided adequate notice to Jibreel. See De Long, 912 F.2d at 1147 (explaining that, to satisfy the notice requirement, "the plaintiff should be provided with an opportunity to oppose the entry" of a pre-filing order) (citing In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988).

### C.    Record for Review

A search of Plaintiff's name and various aliases[2] in the Public Access to Court Electronic

---

[1] Plaintiff did not file a response to the Order to Show Cause by the September 19, 2014 deadline. In fact, the Clerk attempted to serve the Order to Show Cause on Plaintiff, but his mail was returned as undeliverable. ECF Nos. 13, 14. Because the Court has no other reasonable means of communicating with Plaintiff, and because pursuant to Civil Local Rule 3-11, *pro se* parties have a duty to maintain a current address with the Court, the Court finds that it must issue this Order despite the fact that Plaintiff's address has apparently changed.

[2] Plaintiff now refers to himself as Adam Jibreel; his aliases are Christopher B. Mussenden, Idris B. Jibreel, and Adam Blake.

Records ("PACER") database reveals that this action constitutes Jibreel's eighth apparent attempt to contest a criminal indictment that never resulted in a conviction. One attempt took place in the Western District of Washington, one was an appeal to the Ninth Circuit Court of Appeals, and the rest have taken place in this district.

### i.   **Criminal Indictment**

In 2005, Jibreel was indicted with two counts of making false statements in passport applications, in violation of 18 U.S.C. § 1542. United States v. Blake, Case No. 2:05-mj-00036-JLW-1, ECF No. 1 (W.D. Wash. Jan. 28, 2005). On the same day, the case was transferred to the Southern District of New York. Id. at ECF No. 6. Then, on the United States' recommendation, the Judge entered an order of *nolle prosequi*, which terminated the case. United States v. Blake, Case No. 1:05-cr-00114-JFK-1, ECF No. 30 (S.D.N.Y. Mar. 6, 2006). The United States did not prosecute the case and Jibreel was not convicted.

### ii.   **Western District of Washington Litigation**

In 2008, Jibreel filed a complaint, naming as Defendants (1) the U.S. Department of State, Washington Office; (2) the U.S. Department of State, Charleston, South Carolina Passport Bureau; (3) the U.S. Department of State Passport Bureau Offices in Washington, D.C.; (4) the U.S. Federal Bureau of Investigation ("FBI"), Seattle, Washington offices; (5) the U.S. Department of Homeland Security ("DHS"), Seattle, Washington offices; (6) the U.S. Coast Guard Investigative Service, Seattle, Washington offices; and (7) Detective Glenn Kerns of the Seattle Police Department Counter-Terrorism Division. Jibreel v. U.S. Dep't of State, Case No. 2:08-cv-00124-MJP, ECF No. 1-2 at 1 (W.D. Wash. Jan. 25, 2008). The complaint alleges violations of 42 U.S.C. § 1983, as well as "violation of civil rights & mistreated in error by the government in violation of the cruel and unusual punishment clause." Id. The complaint recites a string of alleged governmental conspiracies, including but not limited to the United States' filing of an indictment against Jibreel. Id. at 1-16. For example, the complaint states:

> The plaintiff accuses these aforementioned agencies of conspiring and acting in concert to suppress chill and 'neutralize' his constitutionally protected activities of engaging in innocuous travel **ONLY,** to pursue economic opportunities and a **more favorable**

> **business climate,** with no harm, ill-will or malice toward his native country or her U.S. Federal Agencies, and otherwise abridge his civil rights. It arose when plaintiff ADAM JIBREEL was deprived by his first ever arrest and sudden incarceration for a 1993 Telephone Bill Theft warrant in the U.S. Department Passport Agency's offices in Seattle, Washington, on September 2nd, 2004, which he had no knowledge of whatsoever and was never told about . . . not even when he was issued his last 10 year U.S. Passport in May of 2002 . . . The aforenamed U.S. Federal agencies then gave the Plaintiff the notion that he would get his passport back . . . when the plaintiff only wanted to know why were there red flags on his name and if there were any at the behest of any foreign agencies or governments in the Arab world so he would be informed to go back to any of those countries who may have put a bad word out on him.

Id. at ¶¶ 1-2. On August 8, 2011, the court issued an Order to Show Cause why Jibreel's case should not be dismissed without prejudice for failure to prosecute. Id. ECF No. 11. Jibreel failed to respond to the Order within the allotted time, so the court dismissed the action without prejudice. Id. ECF No. 12.

### iii. Northern District of California Litigation

#### a. Cases 1-3

In 2007, Jibreel filed three related complaints against (1) the U.S. Department of State; (2) the FBI; (3) the DHS; and (4) the U.S. Coast Guard Division of Intelligence. Jibreel v. U.S. Dep't of State, Case No. 3:07-cv-00543-MJJ, ECF No. 1 at ¶ 1 (N.D. Cal. Jan. 26, 2007) ("Case 1"); Related Case Nos. 3:07-cv-00546-MJJ ("Case 2") & 3:07-cv-00547-MJJ ("Case 3").[3] In those complaints, Jibreel claims he was "maligned by [his] own government's hard working agents" and incorrectly listed in a "number of databases." Id. at ¶¶ 2-3. He fails, however, to mention any cause of action or allegations against specific defendants. Id. at ¶¶ 1-4.

Jibreel's prayer for relief includes the return of his 2004 passport and monetary damages for "a three month incarceration by unspecified government agents; intrusion into . . . personal or sexual propensities or nuances; estrangement from his son who resides in Canada; and loss of job opportunities and benefits due to records in federal or municipal databases." ECF No. 34 at 2 (citation and internal quotations omitted).

Defendants moved to dismiss for lack of subject matter jurisdiction. ECF No. 16. The

---

[3] All citations in this section reference Case 1.

court granted Defendants' motion with leave to amend because Jibreel failed to plead any facts that would waive the United States' sovereign immunity under the Federal Tort Claims Act. ECF No. 34 at 3-4. When Jibreel failed to amend any of his complaints, the court dismissed all three actions with prejudice. ECF No. 40 at 4.

Jibreel then appealed the district court's dismissal of his complaints. ECF No. 41 at 1. The Ninth Circuit dismissed the appeal for failure to file the opening brief. ECF No. 45 at 1.

### b. Case 4

In 2012, Jibreel filed a nearly illegible handwritten complaint alleging that Defendants the United Nations, CNN, CBS, ABC, Muslim Legal Fund of America, and the Committee for American Islam Relations failed to help him reveal that the United States had allegedly unconstitutionally labelled him a "high terror threat" and a "potential violent extremist." Jibreel v. CNN et al., Case No. 3:12-cv-05221-SI, ECF No. 1 at 1 (N.D. Cal. Oct. 9, 2012) ("Case 4").[4] Jibreel also alleged that the U.S. government, its agencies, and military colluded with its "Asian partners" to have him unlawfully detained in Singapore because they believed he was associated with terrorism. Id. Jibreel did not, however, name any of these governmental entities as defendants. Id. He sought monetary damages of $93 million. Id.

While the court granted Jibreel's application to proceed *in forma pauperis*, it dismissed his complaint with prejudice sua sponte because he did not claim any federal causes of action. ECF No. 8 at 2. The court held that Jibreel's complaint would have been dismissed even if he had made federal-law allegations against the named defendants because they were not state actors. Id. (citing Caviness v. Horizon Cmty. Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010).

### c. Case 5

On July 24, 2013, Jibreel filed the 2013 complaint. Jibreel v. Chin, Case No. 3:13-cv-03470-JST, ECF No. 1 (N.D. Cal. July 24, 2013) ("Case 5").[5] The 2013 complaint takes the form of a letter to President Obama. Id. Jibreel names as Defendants: (1) President Barack Obama; (2) Secretary of the DHS Jeh Charles Johnson; (3) FBI Director James Comey; (4) Federal Aviation

---

[4] All citations in this section reference Case 4.
[5] All citations in this section reference Case 5.

5

1    Administrator John S. Pistole; (5) Senator Lindsay Graham (South Carolina); (6) Senator Patty
2    Murray (Washington); (7) U.S. Representative Peter King; (8) Prime Minister of the Republic of
3    Singapore Lee Hsien Loong; and (9) Hock Seng Chin, Singapore's former Consul General in San
4    Francisco. Id.

5    The 2013 complaint seems to allege that Defendants violated his First, Second, Fourth, and
6    Fifth Amendment rights, though Jibreel simultaneously disclaims any Second Amendment
7    violation. Id. at 18-19, 20. He claims as injuries, among other things, his ejection from an airport,
8    surveillance in downtown San Francisco, and unlawful detention as a terrorist threat, as well as the
9    destruction of his family structure, "pilfering" of his personal property by the Australian CEO of a
10   storage company who is also an "Authority" in the Obama administration, and the fact that he was
11   mocked by Indonesian students. Id. at 12-13, 18-20. On the cover sheet of Jibreel's complaint,
12   under the line "document name," Jibreel states that the action is a "Complaint for disclosure of all
13   facts and motivations causing my being designated as a 'suspect terrorist' and for the restoration
14   of most of my work related credentials, my former relationships, and possible financial redress."
15   Id. at 1. In addition, on the civil cover sheet, he states that his cause of action is "To Appeal for
16   Reversal of Decisions Designating Adam Jibreel a 'Threat' to the Rpblic [sic]" in Cases 1 through
17   4. ECF No. 1-1.

18   In response, the United States moved to dismiss. ECF No. 22 at 7. Jibreel explained at the
19   motion hearing that his issues associated with unknown government actors labeling him a terrorist
20   and the possibility of being on a no-fly list were actually the result of a sealed criminal complaint
21   in the Western District of Washington for making a false assertion on a passport application. ECF
22   No. 44 at 8. Jibreel believed that if he had access to the sealed complaint, he could "clear up the
23   mistakes or misunderstandings that may have resulted in his placement on a no-fly list." Id.
24   Overall, Jibreel provided no facts to support his allegations against Defendants, and no legal
25   arguments to demonstrate standing or jurisdiction, and thus could not state a plausible claim for
26   relief. Moreover, it was apparent that he filed the 2013 complaint in an effort to appeal criminal
27   charges the United States had never prosecuted.
28   Adopting the reasoning and conclusion of the magistrate judge originally assigned to the

6

case, this Court held that immunity barred the claims against the Prime Minister of Singapore and dismissed the claims against him with prejudice. ECF No. 49 at 1. This Court also held that Jibreel's remaining claims failed as a matter of law, and that the Court lacked jurisdiction because Jibreel "failed adequately to allege sufficient facts to establish constitutional standing for his remaining claims." Id. When Jibreel did not comply with the Court's Order to Show Cause why his complaint should not be dismissed for failure to amend, the Court dismissed the 2013 complaint with prejudice. See ECF Nos. 50 at 1, 53 at 1.

### d. Case 6

Jibreel's latest filing is the present case ("Case 6"). It merely restates the 2013 complaint, which the Court dismissed for failure to state a claim. This Court made note of that in its Order Granting Motion to Proceed in Forma Pauperis, ECF No. 7, and held that Jibreel's apparent "judge shopping" violates Civil Local Rule 3-3(c). Id. at 1. Although this Court granted Jibreel's motion to proceed *in forma pauperis*, it dismissed his complaint sua sponte pursuant to Rule 12(b)(6), with leave to amend. Id. Lastly, this Court warned Jibreel that if he failed to timely amend his complaint, it would be dismissed with prejudice. Id. at 2. The Court gave Jibreel until August 21, 2014 to file an amended complaint. He failed to do so.

## D.   Substantive Findings

### i.   Legal Standard

The Ninth Circuit has held that the five-factor Safir test provides "a helpful framework for applying" factors three and four of the Ninth Circuit's four-factor standard—i.e., the frivolous or harassing nature of the plaintiff's litigation, and the narrow tailoring of any pre-filing order the court enters. Molski, 500 F.3d at 1058. The Safir test considers:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Safir, 792 F.2d at 24.        **ii.    Safir Factors**

The history of litigation that Jibreel has initiated reveals a pattern of duplicative, frivolous lawsuits. Although Jibreel is less prolific than some litigants who have been declared vexatious, see, e.g., De Long, 912 F.2d at 1147 (citing cases involving 35, "over 50," and "over 600" actions); Miles v. Makishima, No. C-08-4091 MMC, 2009 WL 2512022, at *1 (N.D. Cal. Aug. 14, 209) (same); Abalos v. Greenpoint Mortg. Funding, No. 13-cv-00681-JST, 2013 WL 3243907, at *3 (N.D. Cal. June 26, 2013) (stating that a PACER database search using Plaintiff's name "reveal[ed] that he ha[d] filed at least 82 lawsuits in federal courts throughout the country"), a litigant may be vexatious when his or her duplicative suits are particularly frivolous or harassing. See Ou-Young v. Roberts, No. C-13-4442 EMC, 2013 WL 6732118, at *9 (N.D. Cal. Dec. 20, 2013) (involving five cases and a misconduct proceeding) Boustred v. Gov't, No. C-08-00546 RMW, 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (based on "three actions containing similar rambling, largely incomprehensible claims").

Here, the filing of multiple, successive lawsuits, based on the same legal theories that previous courts have rejected, arising from a single criminal indictment that was dismissed, is duplicative and vexatious. Jibreel's recent attempt at judge shopping underscores this point. Moreover, Jibreel has repeatedly disregarded previous orders to show cause why his cases should not be dismissed, when each of those orders has clearly indicated to Jibreel that his claims arising from the underlying criminal indictment are not meritorious. Contrary to the courts' rulings, Jibreel responds to the courts' dismissal of his complaints with more unsupported allegations of governmental conspiracies, rather than legal arguments. See Case 5, ECF Nos. 38 at 3, 44 at 4, 8. Jibreel has also repeatedly requested the Court to revisit other district judges' dismissals of his complaints. This conduct is vexatious and harassing under Molski.

The apparent motivation for Jibreel's suits also weighs heavily in favor of finding frivolousness. Because his complaints are regularly dismissed, Jibreel cannot have had an objectively reasonable, good-faith expectation that he was likely to prevail in his subsequent suits. His motivation in filing these suits appears to be to clear his name regarding the criminal charges

8

brought against him in Washington. But the United States never pursued those charges, and for this reason also, Jibreel's motivation in bringing these suits is not objectively reasonable.

Jibreel is not represented by counsel, which weighs against declaring him vexatious. But even an unrepresented litigant should understand after the fifth or sixth attempt at challenging the same conduct that his claims are without merit and should not be pursued. Thus, this factor does not weigh strongly against declaring Jibreel vexatious.

Finally, Jibreel has placed an inordinate burden on the courts and on the defendants against whom he has brought suit. The record reflects that Jibreel regularly files non-meritorious, occasionally illegible complaints that name defendants who are generally immune from suit. Court personnel must spend significant time and taxpayer resources attempting to understand Jibreel's filings, resources that could otherwise be spent resolving the disputes of the many litigants who adhere to court rules and requirements. And each time Jibreel files an action, defendants must expend significant time and expense defending themselves against frivolous conspiracy-theory-type claims.

The final Safir factor—whether other sanctions would be adequate to protect the courts and other parties—overlaps with the narrow tailoring analysis in the Ninth Circuit's four-factor test.

### E. Narrow Tailoring

This Order is narrowly tailored to meet only the goal of relieving this Court and other parties from having to respond to frivolous complaints that Jibreel may file in the future. Lesser sanctions are inadequate to protect the courts and other parties, because Jibreel has demonstrated his incapacity to follow the rules and requirements of the various courts in which he has filed actions in the past. Specifically, Jibreel's litigation history demonstrates that he is not responsive to courts' indications that his complaints are without merit. Each time one of his complaints is dismissed, he files another one that is largely duplicative of the preceding ones. Accordingly, given this pattern of behavior, the Court finds that nothing less than a pre-filing order will prevent courts and potential parties from undertaking the burden of responding to Jibreel's non-meritorious complaints.

### III. CONCLUSION

For the foregoing reasons, the Court hereby enters the following pre-filing order:

1. Adam Jibreel is hereby barred from participating in the filing of any lawsuit, under this name or any of his aliases, either alone or with other plaintiffs, in the United States District Court for the Northern District of California, without first obtaining leave of court.

2. To obtain leave of court, Jibreel must seek leave in writing to file a new action, and must include with his request (a) a copy of the complaint he proposes to file, and (b) the following statement in capital letters on the first page of the request: **"THIS PLEADING IS SUBJECT TO AN ORDER REQUIRING LEAVE OF COURT TO FILE A NEW ACTION. PURSUANT TO THE ORDER OF THIS COURT IN CASE NUMBER 3:14-CV-02774-JST, THE DUTY JUDGE MUST DETERMINE WHETHER THIS SUBMISSION IS INTELLIGIBLE AND NON-FRIVOLOUS BEFORE IT CAN BE FILED."**

3. If Jibreel requests leave of court in the manner required by ¶ 2, the Clerk of Court shall refer his request to the duty judge, who shall determine whether it states a non-frivolous cause of action. If it does, the duty judge shall so advise the Clerk of Court, and the submission will be filed and assigned as if no pre-filing order were in place. If the duty judge determines that the submission is not intelligible, or is frivolous, the Clerk shall not file it and shall instead follow the procedures in the following paragraph.

4. If Jibreel participates in the filing of a lawsuit without requesting leave of court, or requests such leave and is denied, the Clerk of Court shall not docket any such submission. The Clerk shall advise Jibreel and all other parties to the suit in writing that the submission has not been filed because Jibreel is not permitted to participate in lawsuits before this Court without receiving advance permission. No filing fee shall be accepted in that case.

5. This order shall not apply to any suit in which a licensed attorney represents Jibreel, or to any action in which Jibreel appears as a criminal defendant.

6. This order shall remain in effect until further order by this Court. Jibreel may petition for this order to be repealed after two years from the date of this order, but must

///

///

///

demonstrate in any such request that he has entirely ceased his practice of filing frivolous complaints.

**IT IS SO ORDERED.**

Dated:  November 21, 2014

_____
JON S. TIGAR
United States District Judge